UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

IN RE:                                              )
                                                    )
Dennis W. Magnusson, a/k/a/                         )   Bankruptcy Case No. 07-30856
Dennis Magnusson, and                               )   Chapter 7
Myrna K. Magnusson,                                 )
                         Debtors.                   )
                                                    )

## MEMORANDUM AND ORDER

Before the Court is the United States Trustee's Objection to Certificate of Exigent Circumstances filed October 9, 2007. The trustee objects to Debtors Dennis and Myrna Magnusson's claim of exigent circumstances and argues that they are ineligible to be debtors under the Bankruptcy Code, and therefore, their case should be dismissed.

Debtors filed for relief under Chapter 13 of the Bankruptcy Code on October 8, 2007. Attached to Debtors' Official Form 1 were two Exhibit Ds, Individual Debtor's Statement of Compliance with Credit Counseling Requirement, one each for Dennis and Myrna. In Exhibit D, both Debtors checked box 3, which states:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* **there [sic] home will be foreclosed on tomorrow so need to file in a hurry.**

At the time of filing, Debtors did not include a separate motion to the Court asking for relief from the requirements of 11 U.S.C. § 109(h)(1). The Court issued an Order to Comply on October 9, 2007, instructing Debtors to file a motion for a temporary waiver of the credit counseling requirement.

Also on October 9, 2007, the Court received the trustee's objection to Debtor's certificate of exigent circumstances. In his objection, the trustee argues that Debtors' case should be dismissed because they are ineligible to be debtors due to the fact that: 1) their request does not state that they requested counseling services and that their request was denied; and 2) that the Debtors' circumstances due not rise to the level of exigent circumstances.

On October 10, 2007, the Court received Debtors' Notice and Motion For Extension to File Counseling Certificate. In their motion, Debtors seek an order extending the time to file their counseling course certificate. In support of their motion, Debtors' attorney Shawn Autrey, filed an affidavit stating the grounds for which Debtors sought relief. This affidavit is the only supporting document filed by Debtors, excluding Exhibit D to Official Form 1. In his affidavit Attorney Autrey states:

> **SHAWN L. AUTREY**, Attorney for the Debtors, after being first duly sworn on oath states that:
> 1. I am Shawn Autrey and I am the attorney for the above mentioned Debtors.
> 2. I make this affidavit in support of the Debtors Motion for an Extension of Time to File Their Counseling Certificates.
> 3. The Debtors had to file their Chapter 13 Petition for Bankruptcy on October 8, 2007 because the Debtors were told and IRS agent was coming on October 9, 2007 to remove them from their home.
> 4. In reviewing the Debtors information the IRS does have a tax lien on the Debtors home.
> 5. Due to the foreclosure on the [sic] their home the Debtors did not have the time to complete the Counseling Course prior to filing their bankruptcy. The Debtors needed the Automatic Stay to be in place by October 9, 2007.
> 6. As of October 9, 2007 the Debtors had finished the Credit Counseling Course and are waiting for the Certificate to be faxed to this office.
> 7. The Debtors would respectfully request that the time for filing the Counseling Certificate in this case be extended by fifteen days so they may file the certificate when they receive it.

Debtors filed individual certificates of credit counseling on October 12, 2007. Each of the Debtors' Certificate of Counseling states that counseling was received on October 9, 2007, the day after Debtors filed for bankruptcy.

It is not clear to the Court exactly what relief Debtors seek. Debtors phrase their request as one to give them an additional fifteen days to file their credit counseling certificate with the Court. Even if Debtors' motion is granted, Debtors would not be in compliance with the Bankruptcy Code. Allowing Debtors an additional fifteen days to file their credit counseling certificates would not rectify the fact that they did not receive credit counseling until the day <u>after</u> they filed for bankruptcy. The Court assumes then, that what Debtors are really asking for is a waiver of the credit counseling requirement due to exigent circumstances, i.e. the IRS forcing them from their home, and the right to receive credit counseling within 30 days of their petition date.

Under the Bankruptcy Code, debtors must receive credit counseling within the 180-day period preceding the date on which a debtor files bankruptcy. 11 U.S.C. § 109(h)(1). Credit counseling can be done individually or by group briefing and may be done in person, over the telephone or via the internet. <u>Id.</u> The requirements of section 109(h)(1) are mandatory and failure to meet them is a fatal flaw rendering an individual debtor ineligible for bankruptcy relief. <u>Hedquist v. Fokkena</u> (<u>In re Hedquist</u>) 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006).

There are two exceptions to the requirements of section 109(h)(1). First, if the Untied States Trustee certifies that there are no approved credit counseling agencies which can provide adequate services in a district, debtors in that district are excused from complying with the requirements of section 109(h)(1). 11 U.S.C. § 109(h)(2); <u>Dixon v. LaBarge</u> (<u>In re Dixon</u>) 338

3

B.R. 383, 386 (B.A.P. 8th Cir. 2006).  This exception does not apply in the District of North Dakota because several agencies are approved to give credit counseling services in this district.

The second exception, which arguably is applicable in this case, is found in section 109(h)(3) and states that a debtor will be excused from credit counseling for 30 days if the debtor submits to the court a certification stating: 1) exigent circumstances exist that merit a waiver of the requirements of section 109(h)(1); 2) that the debtor has requested the required counseling but was unable to obtain the counseling required in section 109(h)(1) during the five-day period which begins on the date of debtor's request; and 3) debtor's certification is satisfactory to the court.  11 U.S.C. § 109(h)(3)(A).  It is unclear what substantive content part three has, however, a fair reading of the statute is that Congress intended courts to use their discretion in making determinations as to whether parts one and two of the test were met.  In re Dixon, 338 B.R. at 387.

In order to obtain relief under section 109(h)(3), debtors must show two things: 1)exigent circumstances; and 2) that those circumstances merit a waiver of the briefing requirement.  Id at 388.  The term 'exigent' indicates a situation where adverse events are imminent and will occur if the debtor cannot avail himself of the statutory briefing.  Id at 388.  Because virtually all cases filed under section 109(h)(3) will involve exigent circumstances for the debtor, the real question is whether the exigent circumstances the debtor finds himself facing merit waiving the statutory requirement of prefiling credit counseling.  Id.

In the present case, Debtors argue that exigent circumstances exist because an IRS agent was coming on October 9, 2007, to remove them from their home because of a tax lien.  While this may have been the case and certainly are exigent circumstances, the circumstances do not

4

merit waiving the credit counseling requirement. At the very least, Debtors would have had 90 days notice of a tax deficiency. 26 U.S.C. § 6213(a). In that time-period debtors could have disputed the determination of deficiency by filing a petition with the tax court or used the 90 days to obtain credit counseling. A debtor waiting until the eve of foreclosure to file a bankruptcy petition, when the debtor had ample notice of the foreclosure, does not constitute exigent circumstances meriting the waiver of the prebankruptcy credit counseling requirement. In re Hedquist, 342 B.R. at 298; In re Wallert, 332 B.R. 884, 889 (Bankr. D. Minn. 2005).

Accordingly, the objection of the United States Trustee to Debtors' Certification of Exigent Circumstances is sustained. Debtors Dennis and Myrna Magnusson are ineligible for relief under the Bankruptcy Code. This case is dismissed, without prejudice to Debtors' right under the Bankruptcy Code to file another petition for relief.

    **SO ORDERED**

Dated this 23rd day of October, 2007.

    **WILLIAM A. HILL, JUDGE**
    **U.S. BANKRUPTCY COURT**